Martin, J.
delivered the opinion of the court. The petitioner stated, that, in October, 1809, she purchased from the defendant a negro girl, for the sum of one hundred and sixty dollars, who was afterwards recovered from her vendee, by the defendant, 5 Martin, 611, Toustin vs. Lucile.*—That the said negro slave while in possession of the plaintiff, had two children, and the plaintiff was at great trouble and expense *497 during her lying in. in bringing up said children, • and medical attendance, taxes, &c. wherefore, she claims S870.
The defendant, in her answer, stated that she owed to the plaintiff the sum of S 160 only, which she had tendered to the plaintiff’s agent, and was ready to pay. She denied all other charges, and concluded, that the whole concerns, between the plaintiff and herself (except as to the aforesaid S160) were settled by a judgment in a suit, wherein she, the present defendant, was plaintiff, and Lucile, the present plaintiff’s vendee, defendant, wherein the present plaintiff intervened as warrantor, and in which, the wages of the slave were fixed at six dolíais per month only, in consideration of the sums expended in her maintainance and that of her children.
The plaintiff had a verdict and judgment for '¿§533 14, and the defendant appealed.
There is not any statement of facts, but the parish judge has certified that the record contains all the facts, upon which the cause wras tried.
W. Planté deposed that he hired the slave, for about three years at four dollars per month : she left him, about three years ago, being pregnant of her first child, and has had another since.
She was attended, in her lying in, and other *498 indispositions, by Dr. Dufour ; the pdaintifl’s agent; while she was at the deponent’s, she was clothed at .the plaintiff’s expense. She had no 1 4 severe malady, while she was at the deponent’s, but was severely sick at Dr. Dufour’s. As soon as the deponent discovered her pregnancy, he sent her back, as she was very delicate, of but little service in that situation, and required great care. She rendered no service at the doctor’s during her pregnancy, nor while she suckled her children. He values the expenses of her clothing, at §18 per year, and those of her lying in, at from §10 to 15 each time.—That the expenses of a child’s food, while the mother is very weak, are from three to four dollars per month.
Madeleine Marrtn deposed that she hired the slave for four years, and paid for her at the rate of four dollars per month : she was clothed by her mistress : since she left the deponent, she had two children, and was delivered and attended by Dr. Dufour. ¡Tie has been several times sick, as well as her children. 'I he charges oi lying in of slaves are from §12 to 14, in ordinary cases. The witness would not have taken care of her and her children for their victuals and clothes.
Touron, deposed that he saw the slave, for these five or six years, almost every week, that she appeared very heaithy, that the defendant hired *499 her for 815 per month; and she came home twice a day to suckle her child.
With the record comes up, a bill of exceptions to the opinion of the parish court, in directing the jury that “ it was their duty, to t..ike into consideration, the charges in the plaintiff’s account, relative to the two children ; as it appeared to the court, that the supreme court would not, nor could not decide in their decree, any thing upon a fact of which th-y were ignorant, viz : the birth of the children, during the pendency of the suit of Toustin vs. Lucile,”—to which opinion the defendant’s counsel excepted.
It is useless for us to take into consideration, the propriety of a charge of an inferior court to the jury, when the whole facts are spread upon the record. For, to send back the case for a new trial, with directions to withhold the part of the charge excepted to, or to give another, would be productive of delay only ; as, upon a new appeal, whatever might be the verdict, unless it was a special one, it would be our duty to weigh the evidence, as if there wTas no verdict.
It does not appear to us, that the plea of res judicata can avail the defendant; as the present plaintiff was only brought in as a warrantor to defend the title she had given, and no damages could be awarded against her.
Davezac for the plaintiff—Morel for the de-< fendant.
^11 exarn'ning the account, vve find an allowance of S370, properly supported by evidence, for the consideration of the sale, with legal interest .therein, the expenses of lying in, medical attendance in sickness, clothing and taxes : but it does not appear to us, that the other charges are sufficiently supported by any evidence on the record.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and proceeding to give such a judgment as, in the opinion of this court, ought to have been given in the parish court, it is further ordered, adjudged and decreed,’that the plaintiff recover from the defendant, the sum of §370, with costs, in the parish court, and that he pay costs in this court.

 The name of the case is there erroneously printed, Lucile vs Toustin.