Gaeland, J.
delivered the opinion of the court.
The olographic testament of the late Nicolas Girod having been [393] presented to the court of probates, the judge ordered it to be registered and executed, and appointed Aimé Guillet and Adelin Dreux, dative testamentary executors. William Freret, mayor of the city of New Orleans, and Denis Prieur presented them petition, asking an appeal to this court, which the. judge of probates refused to allow; whereupon, they moved for a rule on the judge to show cause-why a mandamus should not issue, directing him to grant an appeal. The judge appeared and stated twelve grounds of objection, why the rule should not be made absolute, only two of which we shall notice, the other presenting matters for consideration when the case shall come before this tribunal. The judge first says, the court of probates has a discretionary power in the appointment of dative testamentary executors, which he is to exercise ex officio, and relies upon article 1671 of the Code. If *606 by this, tbe judge means be can appoint or not' at' bis discretion, we think tbe law quoted does not sustain, bim; it says, “if tbe testator bas omitted to name a testamentary executor, or if tbe one named refuses to accept, tbe judge shall appoint one ex officio.” This seems to leave no discretion at all; it is an imperative duty. But if tbe judge means tbe law gives him a discretion in tbe selection of the person, be then presents the question to be examined when an appeal shall be- allowed. That we imagine is tbe point in controversy between tbe executors and tbe persons claiming tbe appeal. - -. • -
Tbe judge having assumed that tbe power'is' discretionary, 'further assumes that this court cannot control tbe decisions of tbe judges of tbe inferior courts in. matters depending solely on their discretion. Having shown tbat tbe power given to tbe judge is not discretionary, we' might stop here, but as be bas referred to one of tbe early decisions of this court, a dictum which' might seem to support tbe position assumed, we will examine tbe case cited from 3 Martin’s Reports, 325. That was an application for a mandamus, to compel tbe judge of tbe first district to allow a cause pending before him to be tried by a jury. Tbe court said, in a question of that description, [394] it would not exercise any control over tbe judge, until tbe case should be decided and come up in tbe proper manner.
In 4 Id. 308, it was held an appeal would lie from a judgment confirming tbe nomination of a syndic. In tbe same volume, p. 371, it was decided an appeal could be taken from tbe appointment of a curator to a vacant estate. Other cases of a cbaraoter somewhat similar have long since been sanctioned'by this tribunal. But supposing tbe power of appointment of dative testamentary executors to be discretionary, it was decided in 4 La. Rep. Ill, that cases submitted to tbe discretion of a judge or court, are submitted to Ms legal discretion, and in tbe exercise of it, he is as liable to error as in any other part of his duty, and his errors are equally fatal to tbe rights of suitors; and consequently bis decisions are subject to examination in this court. 4 Martin, 497.
It is ordered that tbe rule be made absolute.