EASTERN DIS.
*May*, 1841.

STATE,
*vs.*
JUDGE OF
PROBATE COURT
OF
NEW ORLEANS.

**STATE *vs.* JUDGE OF PROBATE COURT OF NEW ORLEANS.**

AN APPLICATION FOR A MANDAMUS.

An appeal lies from the appointment of dative testamentary executors, by the Judge of Probates; also from the appointment of syndics and curators of vacant estates.

This is an application for a mandamus to compel the Judge of Probates of New Orleans, to allow *an appeal* from an order of his court, appointing dative testamentary executors of the last will and testament of N. Girod, deceased.

When the olographic will of the late N. Girod was found and discovered to be without any executor, application was made to the Judge of Probates by two of the legatees to be appointed dative testamentary executors. Two near relations of the deceased also applied.

The Judge in the exercise of his power and discretion, appointed A. Gillet and A. Dreux, who were strangers to the deceased, and neither creditors or legatees. Wm. Freret, Mayor of New Orleans, and D. Prieur, legatees for a large amount, and who had applied for the dative executorship, prayed an appeal from this appointment. The Judge of Probates refused to grant it. He considered the power vested in him to appoint dative testamentary executors absolute, and that he had full and uncontrolled discretion over the same, without revision by appeal.

These parties being refused their appeal, applied for a mandamus to compel the Judge of Probates to allow it; and accordingly a rule was taken on him to show cause why the appeal should not be granted.

*Eustis & De Armas*, for the application and rule.

*Pichot & Buisson*, showed cause to the contrary.

*Garland, J.* delivered the opinion of the court.

The olographic testament of the late Nicolas Girod having

been presented to the Court of Probates, the Judge ordered it EASTERN DIS. May, 1841.

STATE, vs. JUDGE OF PROBATE COURT OF NEW ORLEANS. to be registered and executed, and appointed. Aimé Gillet and Adelin Dreux, dative testamentary executors. William Freret, Mayor of the city of New Orleans, and Denis Prieur presented their petition, asking an appeal to this court, which the Judge of Probates refused to allow; whereupon, they moved for a rule on the Judge to show cause why a mandamus should not issue, directing him to grant an appeal. The Judge appeared and stated twelve grounds of objection, why the rule should not be made absolute, only two of which we shall notice, the others presenting matters for consideration when the case shall come before this tribunal. The Judge first says, the Court of Probates has a discretionary power in the appointment of dative testamentary executors, which he is to exercise *ex officio*, and relies upon article 1671 of the Code. If by this, the Judge means he can appoint or not at his discretion, we think the law quoted does not sustain him, it says, "if the testator has omitted to name a testamentary executor, or if the one named refuses to accept, the judge *shall appoint* one ex-officio." This seems to leave no discretion at all; it is an imperative duty. But if the judge means the law gives him a discretion in the selection of the person, he then presents the question to be examined when an appeal shall be allowed. That we imagine is the point in controversy between the executors and the persons claiming the appeal.

The judge having assumed that the power is discretionary, further assumes that this court cannot control the decisions of the judges of the inferior courts in matters depending solely on their discretion. Having shown that the power given to the judge is not discretionary, we might stop here, but as he has referred to one of the early decisions of this court, *a dictum* which might seem to support the position assumed, we will examine the case cited from 3 Martin's Reports, 325. That was an application for a mandamus, to compel the judge of the first district to allow a cause pending before him to be tried by a jury. This court said, in a question of that description, it

EASTERN DIS.
*May*, 1841.

An appeal lies from the appointment of dative testamentary executors, by the Judge of Probates; also from the appointment of syndics and curators of vacant estates.

would not exercise any control over the judge, until the case should be decided and come up in the proper manner.

In 4 Idem, 308, it was held an appeal would lie from a judgment confirming the nomination of a syndic. In the same volume, page 371, it was decided an appeal could be taken from the appointment of a curator to a vacant estate. Other cases of a character somewhat similar have long since been sanctioned by this tribunal. But supposing the power of appointment of dative testamentary executors to be discretionary, it was decided in 4 La. Rep., 111, that cases submitted to the discretion of a judge or court, are submitted to his legal discretion, and in the exercise of it, he is as liable to error as in any other part of his duty, and his errors are equally fatal to the rights of suitors; and consequently his decisions are subject to examination in this court; 4 Martin, 497.

It is ordered that the rule be made absolute.